IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WEI LEE,<br><br>         Plaintiff,<br><br>v.<br><br>NEXT INSURANCE, SHAMEN HALL d/b/a SNH CONSTRUCTION, and GRANGE INSURANCE,<br><br>         Defendants. | Case No. 3:24-CV-02415-NJR |

# ORDER

**ROSENSTENGEL, Chief Judge:**

This case arises out of a fire at Plaintiff Wei Lee's home in Elizabethtown, Illinois. Lee has sued two insurance companies, Next Insurance and Grange Insurance ("Grange"), and a contractor, Shamen Hall d/b/a SNH Construction ("SNH"). (Doc. 3). Lee alleges that SNH used "oily rags" to complete a home remodeling project, and that these rags caused the fire after a "self-combustion" event. (*Id.*). SNH's insurer, Next Insurance, refused to cover Lee's loss because the cause of the fire was "inconclusive." (*Id.*). Grange insured a company called Marshall's Heating and Air ("Marshall's"). (*Id.*). Marshall's had repaired a gas furnace at the house the day before the fire broke out. (*Id.*). Grange Insurance also denied coverage for the loss because "the fire did not appear to have started in the basement where [its] insured was working." (*Id.*).

The case is now before the Court on Lee's Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4). Normally, the fee for filing a complaint and opening a civil case is $405.00. Under 28 U.S.C. § 1915(a)(1), however, an indigent party may commence a

federal court action without paying the required costs and fees by submitting an affidavit asserting her inability to pay the fees, the nature of the action, and the affiant's belief that she is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of her poverty, provide herself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

The Court is not satisfied from Lee's affidavit that she is indigent. Lee reports that she earns $2,420.00 per month in gross wages. (Doc. 4). Until September 2024, she even earned $6,100.00 per month from her "employment." (*Id.*). Although she reports $1,650.00 in monthly expenses, the Court is not persuaded, based on her recent income, that she is unable to pay the filing fee to initiate this case. The Court therefore finds that Lee is not indigent and has sufficient income to pay the filing fee in this matter. Accordingly, her motion to proceed without prepaying the filing fee is denied. Lee shall have 30 days to pay the filing fee in this matter.

For these reasons, Plaintiff Wei Lee's Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) is **DENIED**. Lee must pay the $405 filing fee on or before **July 17, 2025**. Once the Court receives Lee's filing fee, it will rule on her motion for recruitment of counsel (Doc. 5) and her motion for electronic filing privileges (Doc. 6).

IT IS SO ORDERED.

DATED: June 17, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**